IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MYRIAM MARZAN-SANTIAGO** <br><br> PLAINTIFF <br><br> VS. <br><br> **AT&T MOBILITY PUERTO RICO INC.;** <br> **LIBERTY MOBILE PUERTO RICO, INC.;** <br> **INSURANCE COMPANY XYZ;** <br> **COMPANY ABC;** <br> **JOHN & JANE DOE** <br><br> DEFENDANTS | CIVIL NO. 21-1465 <br><br><br> DISCRIMINATION BASED ON SEX, WRONGFUL TERMINATION (SEVERANCE PAY), AND TORT DAMAGES <br><br> TRIAL BY JURY DEMANDED |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW, Myriam Marzan-Santiago,** ("Plaintiff"), through the undersigned attorney and very respectfully states, alleges and prays as follows:

**PRELIMINARY STATEMENT**

1.  Plaintiff worked for AT&T Mobility Puerto Rico, Inc. ("AT&T"), now operating as Liberty Mobile Puerto Rico, Inc. ("Liberty") (jointly "Defendants"), since February of 2001 until her illegal termination on October of 2020. Defendants' actions to illegally terminate the Plaintiff is an act of discrimination against her based on sexual orientation because the Defendants have provided opportunities and have given unequal treatment to male and heterosexual employees when they have not terminated them for violation of the workplace Personal Relationship Policy. Instead of providing the same opportunities and provide the same equal treatment that Defendants have provided to male and heterosexual employees, the Defendants instead deprived the Plaintiff of the same opportunities and treated her unequally compared to her male and heterosexual

employees, by immediately terminating the Plaintiff under the false pretextual ground that she breached her supervisor duties by failing to stop an alleged harassment against another employee of the Defendants.

2. Such actions constitute a disparate treatment by the Defendants based on discrimination based on sex pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USC sec. 2000e-2(a), causing damages to the Plaintiff.

3. Plaintiff files this civil action against Defendant based on the following: Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a), Puerto Rico's Law No. 100 of June 30 ("Law 100"), 1959, 29 LPRA sec. 146 et seq., Puerto Rico's Law No. 69 of July 6, 1985 ("Law 69"), 29 LPRA sec. 1321 et seq., and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Puerto Rico's Law No. 80 of May 30, 1976 ("Law 80"), 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the Puerto Rico's Civil Code ("PRCC").

4. Plaintiff seeks compensatory, punitive, double and liquidated damages, severance pay, back pay, front pay, and equitable and injunctive relief for Defendants' unlawful and discriminatory employment termination of the Plaintiff based on her discrimination claims. In addition, Plaintiff seeks other specific remedies that restore her to the position that she would have held in the absence of the discrimination.

## JURISDICTION AND VENUE

5. The United States District Court for the District of Puerto Rico has jurisdiction over this action under 28 U.S.C. sec. 1331 since the matter of this civil action arises under the Constitution, laws, or treaties of the United States. Specifically, Plaintiff files this action pursuant to Title VII.

6. Plaintiff further invokes pendent or supplemental jurisdiction of this Court under 28 USC sec. 1367 to hear Puerto Rico constitutional and law claims arising from the same nucleus of operative facts. Specifically, Plaintiff files this action pursuant to Section 1 and 16 of Article II of the Constitution of the Commonwealth of Puerto Rico, Law 100, Law 69, Law 80, and Tort Damages pursuant to the PRCC.

7. Pursuant to 28 U.S.C. sec. 1391 (a), venue is proper in the District of Puerto Rico because the events that justify the causes of action occurred in this district and the defendant resides within this judicial district.

8. Before filing this instant case, Plaintiff filed timely charges of retaliation and of discrimination on the basis of sex before the Equal Employment Opportunity Commission ("EEOC") within one hundred and eighty (180) days and/or three hundred (300) days after the adverse employment action. Plaintiff requested the Notice of Right to Sue from the EEOC, who must issue it mandatorily after one hundred and eighty (180) days of investigation. Plaintiff thus filed this timely Complaint.

9. Plaintiff demands that all causes of action be tried before a jury.

**PARTIES**

10. Plaintiff, Myriam Marzan-Santiago, is of legal age, domiciled and resident of Guaynabo, Puerto Rico. Plaintiff's physical address is Urb. Apolo, 2076 Calle Hercules, Guaynabo, PR 00969.

11. Defendants AT&T Mobility Puerto Rico, Inc. ("AT&T"), now operating as Liberty Mobile Puerto Rico, Inc. ("Liberty") (jointly "Defendants"), are Companies organized under the laws Puerto Rico who are duly authorized to do business in the Commonwealth of Puerto Rico. These companies are dedicated to providing telecommunications services. Defendants constitute

an integrated enterprise and are therefore to be considered as a single employer because of the degree of interrelationship, common ownership and control, common management, and the degree of centralization of labor relations and personnel functions at the Defendants' place of business in the Commonwealth of Puerto Rico. Defendants' designated office address is 103 Ortegon St., Guaynabo, PR 00966. Defendants' resident agent is CT Corporation located at 361 San Francisco St., San Juan, PR 00901.

12. Co-Defendant, Insurance Company XYZ ("Insurance Company XYZ"), held an insurance policy in favor of the Defendants. At the time of the discriminatory incidents described herein, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discrimination claims. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

13. Co-Defendant, Company ABC ("Company ABC"), is another business company, which is the parent company or an affiliated company of the Defendants, that directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

14. Co-Defendant, John & Jane Doe (hereinafter referred to as "Doe"), is another agent, supervisor, official or director who is affiliated with the Defendants, who directed and had knowledge of Defendants' discriminatory acts of which Plaintiff is complaining. Their Current address is unknown. Plaintiff reserves the right to amend the Complaint once more information is discovered.

**THE FACTS**

15. Plaintiff worked for AT&T since February of 2001.

16. AT&T was bought by Liberty on or around November of 2020.

17. Plaintiff's sexual orientation is openly homosexual.

18. Defendants are a company dedicated to providing telecommunications services.

19. Defendants have more than five hundred (500) employees.

20. Plaintiff began with the job position of a customer services representative.

21. During the years working for the company, Plaintiff was promoted to various positions, such as the following: customer service senior, fraud specialist, leader intern and business team manager.

22. Throughout all those years, Plaintiff excelled in her duties as an employee.

23. Plaintiff met and excelled the Employer's work expectations with regards to her work performance in that she was never disciplined in the past eighteen (18) years.

24. Plaintiff has been working as a business team manager for the past four (4) years since July 2016.

25. Plaintiff's general duties as a business team manager was to manage and coach business customer service representatives, to ensure quality of service and reach company goals.

26. With regards to management of customer representatives, Plaintiff was tasked to supervise the employees, and if necessary, refer them to Human Resources or any other department that merited the same.

27. The Defendants have an Equal Employment Opportunity and Harassment Policy. This Policy includes a Personal Relationship Policy which states that a dating relationship, romantic relationship or any similar special personal relationship that give the appearance of providing preferential treatment, should never exist between a supervisor and an employee for whom the supervisor has some responsibility, including employees who report directly or

5

indirectly within that supervisor's chain of command. In other words, a manager and another employee above or below that manager in the same chain of command, even if not directly above or below that manager, may not have a romantic or other close personal relationship.

28. The Personal Relationship Policy states that to avoid these problems, all personal relationships that may create a potential conflict or the appearance of a conflict under this policy must be reported immediately to Human Resources. The Personal Relationship Policy states that failure to disclose the relationship immediately or comply with the Company's decision is a violation of the policy and may result in discipline.

29. Based on information and belief, other male and heterosexual employees of the Defendants have been subjected to this Personal Relationship Policy. Specifically, male and heterosexual employees have been caught by the Defendants when they failed to disclose the relationship. These male and heterosexual employees have been disciplined but have not been immediately terminated.

30. Additionally, based on information and belief, Defendants have disciplined male and heterosexual employees that have been accused of sexual harassment claims. These disciplinary actions have ranged up to suspension, but not immediate dismissal.

31. Finally, based on information and belief, Defendants have received information as to other male and heterosexual relationships that were disclosed, and Defendants took appropriate actions which could include transfer or job reassignment or voluntary assignments.

32. In the summer of 2020, Plaintiff began to date an employee by the name of Christie Rivera ("Rivera"). Rivera worked for the Employer. However, Rivera was not an employee under Plaintiff's supervision. Additionally, Plaintiff was unsure in these first dates if Plaintiff was actually going to continue dating Rivera.

33. Few weeks after dating Rivera, an incident occurred between Rivera and another employee of the Defendants, by the name of Luis Cabrera ("Cabrera").

34. The Plaintiff was the supervisor of Cabrera, whereas Mr. Andres Abreu ("Abreu") was the Supervisor of Rivera.

35. At no time prior to the incident that occurred between Rivera and Cabrera, did the Plaintiff receive any type of verbal or written complaint from either Rivera or Cabrera pertaining to harassment allegations.

36. At no time prior to the incident that occurred between Rivera and Cabera, Cabrera alerted the Plaintiff about Rivera's conduct towards Cabrera.

37. Plaintiff denies that she ever received a verbal or written complaint from Cabrera as to Rivera.

38. Therefore, Plaintiff was never requested to take any corrective action with regards to any harassment allegations between Rivera and Cabrera.

39. As a result of the incident between Rivera and Cabrera, Plaintiff and Abreu immediately notified the Area Manager as well as Asset Protection of the incident between Rivera and Cabrera.

40. The Area Manager told the Plaintiff and Abreu to suspend both their respective subordinates.

41. Pursuant to the Area Manager's instruction, the Plaintiff notified Cabrera that he was suspended pending the investigation.

42. Meanwhile, pursuant to the Area Manager's instruction, Abreu notified Rivera that she was suspended pending the investigation.

43. At no time whatsoever did the Plaintiff either stop and deter these corrective actions against Rivera and Cabrera.

44. During the investigation of the incident, the Plaintiff was interviewed twice.

45. In the second interview, the Plaintiff was asked about her personal relationship with Rivera.

46. Plaintiff admitted that she recently began dating Rivera but that she did not supervise her directly because she was under the supervision of Abreu.

47. Two weeks after that second interview, on October of 2020, the Plaintiff was illegally terminated by the Defendants.

48. The Plaintiff was not informed of the specific legitimate reason behind her illegal termination.

49. The Plaintiff timely filed her Charge of Discrimination on November 4th, 2020, under EEOC Charge No. 515-2021-00042.

50. It wasn't until June of 2021, when the Defendants filed their Position Statement answering the Charge of Discrimination, that the Plaintiff first gained knowledge of the false pretextual grounds of the Defendants.

51. Specifically, the false pretextual ground that the Defendants allege was the reason behind the termination of the Plaintiff was because the Plaintiff breached her supervisor duties by failing to stop an alleged harassment against Cabrera because she covered for Rivera.

52. Over the course of approximately eighteen (18) years of employment, Plaintiff was never reprimanded.

53. Plaintiff was never suspended from her employment.

54. Plaintiff always fulfilled and excelled at her duties, and such was reflected in all of her evaluations.

55. The Defendants' actions constitute an illegal action against Plaintiff because they treated Plaintiff unequally by terminating her immediately, when comparing the preferential treatments, the Defendants made for male and heterosexual employees that developed personal relationships. Specifically, these male and heterosexual employees were not immediately dismissed. From information and belief, the male and heterosexual employees that were subjected to the Personal Relationship Policy were given opportunities to return to work after a suspension.

56. The Defendants did not provide Plaintiff any opportunity whatsoever, such as a job transfer or her first suspension.

57. The Defendants immediately terminated the Plaintiff, without taking any other lesser disciplinary action that may have merited for not reporting her recent dates that occurred in the recent few weeks.

58. Based on the before mentioned actions, the Defendants incurred in discriminatory action against the Plaintiff because of her sex and her sexual orientation

59. Defendants incurred in disparate treatment when they treated the Plaintiff unequally with regards to the usual disciplinary action concerning the Personal Relationship Policy

60. Plaintiff's termination was based in discrimination against the Plaintiff due to her sexual orientation.

61. Company ABC was the parent company or an affiliated company of the Defendants. Company ABC had knowledge of Defendants' discriminatory decisions. Company ABC did not take any proper action to rectify and/or avoid the discriminatory actions incurred by

Defendants. Company ABC allowed Defendants to discriminate against the Plaintiff by firing the Plaintiff because of her sexual orientation, basing the decision on false pretextual grounds.

62. John & Jane Doe had knowledge of Defendants' discriminatory decisions. John & Jane Doe did not take any proper action to rectify and/or avoid discriminatory actions incurred Defendants. John & Jane Doe allowed Defendant to discriminate against the Plaintiff by firing the Plaintiff because of her sexual orientation, basing the decision on false pretextual grounds.

63. At the time of these discriminatory incidents, Insurance Company XYZ held an insurance policy in favor of the Defendants, specifically to cover said discriminatory claims. Said insurance policy was in force at the time of the discriminatory incidents.

64. Ever since Plaintiff was dismissed, Plaintiff has suffered economic losses and deprivation of her salary. Plaintiff has lost sleep and rest, felt humiliated and discriminated, and has been at loss of her peace of mind and emotional stability.

65. The Defendants are liable for all the Plaintiff's damages.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON SEX

66. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

67. Defendants' discriminatory conduct altered Plaintiff's employment condition because of Plaintiff's sexual orientation.

68. At the moment that the Defendants' incurred in the discriminatory conduct, the Plaintiff was performing her job well enough to meet the Defendants' legitimate expectations.

69. However, the Defendants treated the Plaintiff unequally by immediately terminating her when other male and heterosexual employees have not been immediately terminated under the Personal Relationship Policy.

70. The Defendants fabricated a false pretextual ground that the reason behind the termination of the Plaintiff was because the Plaintiff breached her supervisor duties by failing to stop an alleged harassment against Cabrera because she covered for Rivera.

71. The Plaintiff denies this false pretextual ground, because the Plaintiff at no time received any verbal or written complaint from Cabrera concerning an alleged harassment.

72. The Defendants fabricated this false pretextual ground in order to treat the Plaintiff unequally with regards to the Personal Relationship Policy.

73. Defendants' conduct against the Plaintiff constitutes discrimination based on sex pursuant to Title VII, Law 100, Law 69, and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico.

74. As a proximate result of Defendants' discriminatory practice, Plaintiff has suffered intensely, has been deprived of her means of livelihood, has suffered economic losses and has been emotionally injured.

75. As a result of Defendants' discriminatory practices, Plaintiff lost the salary she was entitled to.

76. Defendants are liable to Plaintiff for the back pay she was entitled had she maintained her position pursuant to Section 706 (g) of Title VII of the Civil Rights Act, 42 USC. Sec. 2000e-5(g).

77. Plaintiff's last annual salary, plus benefits, was approximately fifty thousand dollars ($50,000.00).

78. Defendants are liable to the Plaintiff under this cause of action for all lost wages and fringe benefits that the Plaintiff has incurred from the date of the adverse employment action to the date on which damages are settled. Such back pay should include lost wages, pension benefits, insurance, vacation, profit sharing, accrued sick leave and other economic benefits of employment, plus prejudgment interest.

79. Pursuant to Title VII, Defendants' discriminatory practices against the Plaintiff were willful, malicious and/or carried with reckless indifference towards Plaintiffs' rights protected under federal law. Plaintiff is thus entitled to punitive damages. This amount continues to increase with the passage of time and will be adjusted accordingly at the time of the trial.

80. In the alternative, an adequate remedy under Law 100 & Law 69, Defendants are liable to Plaintiff for double the amount of back pay, front pay and compensatory damages, without the need of establishing that there was a willful, malicious and/or reckless indifference towards Plaintiffs' rights.

81. Plaintiff's dismissal was the culmination of Defendants' discriminatory action against the Plaintiff because of her sexual orientation.

82. Defendants are liable to Plaintiff under this cause of action, pursuant to Title VII, Law 100, PR Law 69 and the Constitution of the Commonwealth of Puerto Rico, in excess of one million one hundred forty-three thousand dollars ($1,143,000.00).

83. In addition, Plaintiff is entitled to reinstatement and to an order forbidding any further discriminatory practices against her.

84. In addition to the remedies before mentioned, Plaintiff is entitled to double compensatory and statutory damages. As a result, thereof, Defendants are liable for double compensatory and statutory damages. These damages are estimated at no less than one million one

hundred forty-two thousand dollars eight hundred forty-seven thousand dollars ($1,143,000.00), which times two equal two million two hundred eighty-six thousand dollars ($2,286,000.00).

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION

85. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

86. Defendants' actions constitute a termination of employment without just cause.

87. Defendants are liable to Plaintiff pursuant to Law 80, for an amount equal to six (6) months of salary plus benefits, as defined in the law, and fifty-four (54) additional weeks of compensation, based on their highest earning in any thirty-day period within the three years prior to the employee's dismissal.

88. Therefore, the Defendants are liable for the severance payment of the approximate amount of eighty thousand seven hundred fifty thousand dollars. ($80,750.00).

## THIRD CAUSE OF ACTION

## TORTS DAMAGES

89. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

90. Defendants' actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

91. Defendants are liable to Plaintiff pursuant to the PRCC.

92. John & Jane Doe's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

93. John & Jane Doe's are liable to Plaintiff pursuant to the PRCC.

94. Company ABC's actions constitute an act or omission which caused damage to Plaintiff. Said act or omission was incurred due to fault or negligence.

95. Company ABC is liable to Plaintiff pursuant to the PRCC.

96. Defendants' actions as subsidiary company of Company ABC constitute an act or omission which caused damages to Plaintiff. Said act or omission was incurred due to fault or negligence.

97. Therefore, Company ABC is vicariously liable for damages caused by the Defendants in their service pursuant to the PRCC.

98. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

99. As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the PRCC.

100. These damages are estimated at no less than five hundred thousand dollars ($500,000.00).

## FOURTH CAUSE OF ACTION

### INSURANCE COMPANIES ARE JOINTLY AND SEVERALLY LIABLE

101. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

102. Insurance Company XYZ is directly, jointly and severally liable, along with the other Co-defendants to the Plaintiff for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## FIFTH CAUSE OF ACTION

### ATTORNEYS FEES AND PREJUDGMENT INTEREST

103. Plaintiff re-alleges each and every allegation stated in the preceding paragraphs as if fully set forth herein.

104. Defendants are liable to Plaintiff for attorney's fees and costs under Title VII.

105. Defendants are also liable to Plaintiff for attorney's fees under Law 100 and Law 80.

106. Defendants are liable for prejudgment interest pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

107. Plaintiff demand a trial by jury as to all claims and issues alleged herein

## PRAYER

Wherefore, all allegations considered, Plaintiff prays that judgment be entered in their favor and against all Defendants', specifically:

1. Granting Plaintiff's Complaint against Defendants. This Court should grant Plaintiff's complaint and find that the Defendants are liable to the Plaintiff based on the following: Discrimination based on Sex pursuant to Title VII, 42 USC sec. 2000e-2(a), Law 100, 1959, 29 LPRA sec. 146 et seq., Law 69, 29 LPRA sec. 1321 et seq., and Section 1 of Article II of the Constitution of the Commonwealth of Puerto Rico; Wrongful Termination (Unjust Dismissal) pursuant to Law 80, 29 LPRA sec. 185a et seq.; and Tort Damages pursuant to the PRCC.

2. An order directing Defendants to reinstate Plaintiff to her former position and to cease and desist of any further discriminatory conduct on the basis of sex.

3. Awarding plaintiff back pay, together with interest, for the period that Plaintiff was deprived of her salary, as it was awarded to other employees in her previous position.

4. Awarding Plaintiff punitive and liquidated damages equal to twice the back pay and fringe benefits lost by the Plaintiff.

5. Awarding Plaintiff lost benefits, both past and future.

6. Awarding Plaintiff the amounts before mentioned in the Complaint, including the double compensatory damages.

7. Awarding Plaintiff severance pay pursuant to Law 80.

8. Awarding Plaintiff reasonable attorney's fees, together with costs, litigation expenses, and necessary disbursements.

9. Awarding Plaintiff any and all other relief to which Plaintiff may be justly entitled.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**RESPECTFULLY SUBMITTED**: In San Juan, Puerto Rico on this 25th day of September, 2021.

*S/VICTOR M. RIVERA-RIOS*
VICTOR M. RIVERA-RIOS
USDC BAR NUMBER 301202
1420 FERNANDEZ JUNCOS AVE
SAN JUAN, PR 00909
Telephone: (787) 727-5710
Facsimile: (787) 268-1835
E-Mail: victorriverarios@rcrtrblaw.com